

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<small>*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*</small>

March 3, 2026

**BY ECF**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Bass Ndiaye*, 25 Cr. 349 (RMB)

Dear Judge Berman:

    The Government respectfully submits this letter in advance of the sentencing of defendant Bass Ndiaye, scheduled for March 10, 2026. In the Government's view, a sentence of time served—reflecting the defendant's nearly eight months of incarceration by the time of sentencing—is sufficient but not greater than necessary to serve the purposes of sentencing. The Government acknowledges that there are certain mitigating factors in this case, factors that influenced the Government's decision to permit the defendant to plead to a misdemeanor offense and recommend a below-Guidelines sentence. However, the defendant's suggestion that he be sentenced to one day of imprisonment minimizes the full extent of his actions, including the dangerous situation in which he placed over a dozen people during his assault.

**I.**    **Background and Procedural History**

    **A.**    **The Assault**

    The defendant immigrated to the United States from Senegal in 2023 without obtaining any lawful status, and he has since applied for asylum. *See* ECF No. 25 (Def. Sentencing Sub.) at 2. On July 18, 2025, the defendant attended an immigration hearing at 26 Federal Plaza in Manhattan and was subsequently detained by Immigration and Customs Enforcement ("ICE") officers. *Id.*; *see* 18 U.S.C. §§ 1225(b)(1), (b)(2)(A) (providing for detention and potential expedited removal for aliens who are applicants for admission).

    The defendant's assault occurred on the evening of July 18, while he was in ICE custody at 26 Federal Plaza. Specifically, the defendant commandeered a pair of scissors being used by ICE officers and ICE security guards to open meal packaging for the defendant and the approximately dozen other detainees in a detention room. The defendant attempted to stab himself with the scissors but then moved aggressively toward the ICE personnel in the room, repeatedly attempting to stab them. *See* ECF No. 1 (Compl.) at ¶ 4. At one point, the defendant charged at a Homeland Security Investigations ("HSI") Special Agent with the scissors and the Special Agent

attempted to defend himself with a milk crate. *Id.* Eventually, the defendant changed course and attempted to escape out of a window, but he was cornered by several ICE officers who were able to secure the scissors and restrain the defendant. *Id.*

On July 21, 2025, the defendant was charged by Complaint with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b). *See* ECF No. 1. The defendant has been in federal custody since his arrest on July 22, 2025. On August 4, 2025, a grand jury sitting in this district returned a one count indictment charging the defendant with assault on a federal officer using a deadly and dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b). *See* ECF No. 7. This felony offense carries a statutory maximum 20-year sentence.

### B. The Defendant's Plea and Guidelines Range

On February 10, 2026, the defendant pled guilty pursuant to a plea agreement (the "Plea Agreement") to simple assault, in violation of 18 U.S.C. § 111(a)(1), a misdemeanor offense. The Plea Agreement provides that the defendant's United States Sentencing Guidelines ("Guidelines") range is 18 to 24 months' imprisonment. Pursuant to U.S.S.G. § 5G1.1(a), however, because the statutorily authorized maximum sentence for simple assault, in violation of 18 U.S.C. § 111(a)(1), is 12 months' imprisonment, the stipulated Guidelines sentence in the Plea Agreement is 12 months' imprisonment (the "Stipulated Guidelines Sentence").

At the defendant's plea hearing, the parties also agreed to waive the presentence investigation report and the Government consented to the defendant's request for an expedited sentencing schedule.

## II. Applicable Law

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Guidelines are not mandatory; however, it also held that a district court must "consult" the Guidelines and "take them into account" when fashioning a sentence. *Id.* at 264. As the Supreme Court has explained, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, a court must consider seven factors outlined in 18 U.S.C. § 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1); (ii) the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); (iii) "the kinds of sentences available," *id.* § 3553(a)(3); (iv) the Guidelines range itself, *see id.* § 3553(a)(4); (v) any relevant policy statement by the United States Sentencing Commission, *see id.* § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and (vii) "the need to provide restitution to any victims," *id.* § 3553(a)(7).

Section 3553(a) ultimately directs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, pursuant to which the sentence needs:

> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)        to afford adequate deterrence to criminal conduct;
      (C)        to protect the public from further crimes of the defendant; and
      (D)        to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.* § 3553(a)(2).

While a district court may not presume that an appropriate sentence lies within the applicable Guidelines range, "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. To the extent a district court varies from a Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. at 50.

## III. A Sentence Of Time Served Is Appropriate.

A below-Guidelines sentence of time served, which reflects the approximately eight months the defendant has served in connection with this case, is sufficient but not greater than necessary to achieve the purposes of sentencing in this case. The Section 3553(a) factors most applicable here include the seriousness of the defendant's conduct, the need to promote respect for the law, and the need to afford adequate deterrence. The defendant's conduct was serious. It is particularly concerning that his submission minimizes the dangerousness of his actions and fails to express any remorse. Such arguments call into question the full extent of the defendant's acceptance of responsibility. However, as explained below, the defendant does present certain legitimate mitigating factors, which have influenced the Government's request for leniency in this case and a recommendation below the Stipulated Guidelines Sentence of 12 months' imprisonment.

*First*, a sentence of time served appropriately reflects the seriousness of the defendant's conduct and promotes respect for the law. *See* U.S.S.G. § 3553(a)(2)(A). As explained above, the defendant stole scissors, brandished them at multiple ICE personnel, and used them to attack an ICE Special Agent who had to defend himself with a milk crate. Troublingly, despite pleading guilty to assault, the defendant now downplays his conduct, labeling his attack the "furthest thing imaginable from what we think of as an 'assault.'" ECF No. 25 at 5. Charging at law enforcement and fellow detainees with a dangerous weapon—or, what the defendant brushes aside as "momentarily mov[ing] his arms in their direction while still holding the scissors," *id.* at 1,—is no small matter. The defendant essentially held an entire room hostage while he wielded a bladed weapon, and his conduct was terrifying for all those present. Certainly, a sentence even greater than the eight months the defendant has spent in federal custody would be reasonable given his behavior.

*Second*, and relatedly, a sentence of time served would also afford adequate deterrence. Respect for and compliance with law enforcement is fundamental, particularly in an environment with, as was the case here, around a dozen detainees. Law enforcement personnel involved in securing detainees routinely put their safety on the line because, in many situations (including here), they are vastly outnumbered by those in custody. The sentence the defendant has served

3

reflects that violence directed toward law enforcement and other members of the public is not acceptable. To find otherwise would send the message that attempted escapes and attacks in custody can be disregarded. That is the opposite of deterrence.

*Finally*, in his sentencing submission, the defendant requests not just leniency but complete absolution. The defendant argues that the Court should sentence him to one day of imprisonment, despite the defendant already having served nearly eight months' imprisonment. ECF No. 25 at 1. In doing so, the defendant points to, among other things, his struggles with mental health including in the prison environment, and the hypothetical immigration consequences of a time served sentence. *Id.* First, the Government recognizes the defendant's mental health issues, including his substantial struggles in the prison environment. That reality is reflected in the Government's offer of a misdemeanor plea, consent to expedited sentencing, and recommendation of a below-Guidelines sentence in this case. The defendant, however, does not dispute that he would have been competent to stand trial, or that he understands the difference between right and wrong. Despite his mental health struggles and his immigration situation, the defendant chose to grab the scissors and charge at those around him. And as to any immigration consequences, the defendant also does not dispute that the Government's offer of a misdemeanor, as opposed to a felony, plea already forecloses the most severe potential immigration consequence for his actions: automatic denial of his asylum application. *See Nethagani v. Mukasey*, 532 F.3d 150, 155, & n.3 (2d Cir. 2008). The fact that the defendant's conduct may have some hypothetical "implication" for his asylum as part of a multi-factor asylum analysis, ECF No. 25 at 6, is a reality acknowledged by the Plea Agreement. *See* ECF No. 24, Ex. C (Plea Agreement) at 5 ("[If] the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that . . . at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences."). All told, whatever weight the Court gives to the mitigating factors recounted by the defendant, they should not entirely overwhelm the Section 3553(a) factors here.

### IV.     Conclusion

For the foregoing reasons, the Government respectfully requests that the Court impose a below-Guidelines sentence of time served (reflecting approximately eight months' imprisonment), with an additional year of supervised release.[1]  Such a sentence would appropriately reflect the seriousness of the defendant's conduct, and afford adequate deterrence to criminal conduct, while also acknowledging certain mitigating factors weighing in favor of leniency in this case.

<br>

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Leslie B. Arffa
Assistant United States Attorney
(212) 637-6522

cc:    Michael Arthus (counsel for defendant) by ECF

---

[1]    In light of recent Second Circuit decisions, the Government respectfully requests that, for each special condition of supervised release that the Court intends to impose, the Court briefly state its reasons for concluding that each is "reasonably related" to at least one of the factors set forth in U.S.S.G. § 5D1.3(b).  *See, e.g.*, *United States v. Sims*, 92 F.4th 115 (2d Cir. 2024) (vacating special condition and remanding for district court to provide sufficient explanation for imposition of condition); *United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024) (same).